**UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEW JERSEY**

---

LEONARD ORANGE,                        1:18-cv-16384-NLH-JS

            Plaintiff,                 **MEMORANDUM**
                                       **OPINION & ORDER**
    v.

CAMDEN COUNTY DEPT. OF HEALTH
AND HUMAN SERVICES, et al.,

            Defendants.

---

**APPEARANCES**:

ANDRE A. NORWOOD, JR., ESQ.
339 N. FRONT STREET
SUITE A
CAMDEN, NJ 08102

    *On behalf of Plaintiff*

LEONARD ORANGE
116 N. 2ND STREET
SUITE 107
CAMDEN, NJ 08102

    *Appearing pro se*

**HILLMAN, District Judge**

WHEREAS, on November 21, 2018, Andre Norwood, Jr., as counsel for Plaintiff Leonard Orange, filed a complaint on Orange's behalf (Docket No. 1); and

WHEREAS, because the complaint was not filed with the appropriate filing fee or an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application) pursuant to 28 U.S.C. § 1915(a)(1), the Clerk of the Court

docketed a notice explaining the deficiency, and further explaining that the complaint would be deemed withdrawn if the filing fee or IFP application was not submitted within 21 days (Docket No. 2); and

WHEREAS, on January 10, 2019, the case was closed because no filing fee or IFP application was submitted; and

WHEREAS, on January 28, 3019, Orange, without the assistance of counsel, filed an amended complaint and an IFP application (Docket No. 3); and

WHEREAS, on February 4, 2019, Mr. Norwood filed a motion to withdraw as Orange's attorney, stating that he has moved to withdraw as Plaintiff's counsel and be relieved of any further legal obligation to represent Orange because of substantial and intractable differences over fees, payment, and contingency compensation (Docket No. 4); and

WHERAS, Local Civil Rule 102.1 provides, "Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court."; and

WHEREAS, the decision of whether or not to permit withdrawal is within the discretion of the Court, and the Court will consider the reasons why withdrawal is sought, the prejudice withdrawal may cause to other litigants, the harm withdrawal might cause to the administration of justice, and the degree to which withdrawal will delay the resolution of the

case, Campbell v. Woodward, 2018 WL 3611059, at *1 (D.N.J. 2018) (citations omitted); and

WHEREAS, that Rule of Professional Conduct 1.16(b) permits an attorney to withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetuate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause shown for withdrawal exists.

R.P.C. 1.16(b); see also Haines v. Liggett Group, Inc., 814 F. Supp. 414, 422 (D.N.J. 1993); and

WHEREAS, the Court finds that good cause exists to grant Mr. Norwood's motion because (1) Orange independently filed an amended complaint without assistance of counsel and has sought to proceed as an in forma pauperis pro se litigant, (2) Mr. Norwood has articulated a valid basis pursuant to R.P.C. 1.16 to

be relieved as the counsel of record, and (3) there is no showing of prejudice, harm to the administration of justice, or delay;

THEREFORE,

IT IS on this ___6th___ day of ___February___, 2019

ORDERED that the MOTION to Withdraw as Attorney [4] be, and the same hereby is, GRANTED.

At Camden, New Jersey
                                                                s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.