```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


   LEONARD ORANGE,                    Civil Action No. 18-16384

              Plaintiff,
                                              OPINION
         v.


   CAMDEN COUNTY DEPT. OF HEALTH
   AND HUMAN SERVICES, et al.

              Defendants.
```

**APPEARANCES:**

LEONARD ORANGE
29 EASTMONT LANE
SICKLERVILLE, NJ 08081

    *Counsel appearing pro se*

MICHAEL VINCENT MADDEN
TIMOTHY R. BIEG
MADDEN & MADDEN, PA
108 KINGS HIGHWAY EAST - SUITE 200
PO BOX 210
HADDONFIELD, NJ 08033-0389

    *Counsel on behalf of Defendants*

**HILLMAN**, **District Judge**

Presently before the Court is Defendants Camden County Department of Health and Human Services ("CCDHHS"), Camden County Board of Freeholders ("Board"), and Rob Jakubowski's ("Jakubowski") (collectively "Defendants") Motion for Summary Judgment. For the reasons explained below, the Court will grant Defendants' Motion.

1

## BACKGROUND

On or about November 25, 2013, Plaintiff, an African American, was hired by CCDHHS as a laborer. (ECF No. 44-6 ¶3.) Plaintiff alleges he responded to a promotional announcement for the job of Weights and Measures Apprentice in May 2015; however, he was not promoted. (Id. ¶¶6-7.) During his employment, Plaintiff received verbal warnings on August 21, 2015 and September 9, 2015 with respect to leaving his post without permission from his supervisor. (Id. ¶12.)

Plaintiff alleges in August 2017 he observed another promotional announcement for the position of Weights and Measures Apprentice and then applied for such position; however, Plaintiff was not granted an interview for the position. (Id. ¶¶8-10.) Plaintiff was never interviewed because "he did not respond to the specific request for an interview and could not be evaluated against the other candidates." (Id. ¶23.)

In the year leading up to Plaintiff's 2017 application, Plaintiff called out for either personal or sick time on seven Mondays during the first four months of 2017. (Id. ¶13.) Plaintiff's pattern of Monday absenteeism as well as taking off on three other non-approved days prompted Plaintiff to receive a verbal warning about time and attendance on June 15, 2017 and a written warning on June 27, 2017. (Id. ¶14.) Plaintiff received an additional written warning for the same infraction of leaving his post without permission from his supervisor for

an incident occurring on July 27, 2017.  (Id. ¶15.)

On or about September 18, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that he was denied the promotion to the Weights and Measure Apprentice position because of his race. (Id. ¶26.)  On January 28, 2019, Plaintiff filed his Amended Complaint asserting two causes of action against the Defendants: (1) violation of New Jersey Law Against Discrimination ("NJLAD"); and (2) violation of Title VII of the Civil Rights Act of 1964.  On January 29, 2021, Defendants filed the present Motion for Summary Judgment.  (ECF No. 44.)

Plaintiff did not oppose the motion; however, on June 28, 2021, the Court directed Defendants to mail their Motion for Summary Judgment to Plaintiff and afforded Plaintiff additional time to file a response to Defendants' motion because Defendants failed to properly file a Certificate of Service with their Motion for Summary Judgment.  (ECF No. 46.)

On July 6, 2021, Defendants filed a Certificate of Service certifying Defendants delivered Defendants' moving papers via regular mail and certified mail on June 30, 2021 and January 29, 2021.  Despite receiving Defendants' Motion for Summary Judgment twice and being afforded additional time to file a response to Defendants' motion, Plaintiff has failed to oppose Defendants' motion.

**DISCUSSION**

**A. Subject Matter Jurisdiction**

The Court has original federal question jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331 and has supplemental jurisdiction over the New Jersey state law claim pursuant to 28 U.S.C. § 1367(a).

**B. Legal Standard for Motion for Summary Judgment**

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor."

4

Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

"Pursuant to Federal Rule of Civil Procedure 56(e)(2) and Local Civil Rule 56.1, where, as here, the moving party files a proper statement of material facts and the non-moving party fails to file a responsive statement of disputed material facts, this Court is free to conclude that the moving party's statement of material facts are undisputed and therefore admitted for the purposes of resolving the motion for summary judgment." Pearson v. Defilippo, No. 18-16198, 2021 U.S. Dist. LEXIS 115195, at *9 (D.N.J. June 17, 2021)(citing Ruth v. Sel. Ins. Co., No. 15-2616, 2017 U.S. Dist. LEXIS 20534 (D.N.J. Feb. 14, 2017)). "Even where the defendants' statement of material facts is

deemed admitted and unopposed, a district court is still required to 'satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and that [Defendants are] entitled to judgment as a matter of law' in order to grant summary judgment." Id. (citing Ruth, 2017 U.S. Dist. LEXIS 20534, at *2).

### C. Analysis

#### a. Plaintiff's Title VII Claim

Defendants argue Plaintiff's Title VII claim must be dismissed for failure to exhaust administrative remedies— specifically the failure to a receive a right-to-sue letter. "[A] plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5, which require that before filing a lawsuit, a plaintiff must (1) exhaust his administrative remedies by filing a timely discrimination charge with the EEOC, and (2) receive from the EEOC a right-to-sue letter." Carter v. Amazon ACY1, No. 19-20014, 2019 U.S. Dist. LEXIS 208556, at *1 (D.N.J. Dec. 4, 2019)(citing 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1)); see also Marshall v. Bumble Bee Childcare, No. 20-20674, 2021 U.S. Dist. LEXIS 12700, *4-5 (D.N.J. Jan. 22, 2021) ("A plaintiff must comply with the procedural requirements set forth in Title VII before bringing an employment discrimination claim under Title VII."). "[I]f a plaintiff brings suit under Title VII before receiving a right-to-sue letter, the matter may

6

be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies." Marshall, 2021 U.S. Dist. LEXIS 12700, at *5 (citing Clark v. Dep't of Law & Pub. Safety, No. 19-21238, 2020 U.S. Dist. LEXIS 245124 (D.N.J. Dec. 31, 2020)).  Nevertheless, "the failure to obtain notice of the right to sue is a curable defect."  Tlush v. Mfrs. Res. Ctr., 315 F. Supp. 2d 650, 654-655 (E.D. Pa. 2002)(citing Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir. 1984)).  "The Third Circuit has held that issuance of a right-to-sue letter is a statutory requirement that does not deprive a district court of jurisdiction and may be satisfied by issuance of the letter after the complaint has been filed."  Id. (citing Gooding, 744 F.2d at 358; Molthan v. Temple University, 778 F.2d 955, 960 (3d Cir. 1985)).

    Defendants highlight that the Court properly denied the defendant's motion to dismiss in Tlush where the Plaintiff commenced his lawsuit before having received a right-to-sue letter, but five months letter obtained a right-to-sue letter. Defendants contend the present matter before the Court warrants a different result because Plaintiff has failed to obtain "a right-to-sue letter at any time during the yearlong pendency of this Complaint."  (ECF No. 44-5 at 9).  This Court agrees.

    In addition to the failure to cure this deficiency prior to the filing of Defendants' Motion for Summary Judgment, Plaintiff has failed to respond to Defendants' motion, which highlights

this exact deficiency, by obtaining a right-to-sue letter during the past six months while Defendants' motion was pending.  In fact, Plaintiff failed to oppose Defendants' motion at all, even with the additional time granted by the Court.  Accordingly, the Court will grant Defendants' Motion for Summary Judgment regarding Plaintiff's Title VII claim and deny Plaintiff's Title VII claim without prejudice.

### b. Plaintiff's NJLAD Claim

Having determined that Plaintiff's Title VII claim fails, the claim which remains presents issues of state statutory law, over which this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[1]  Nonetheless, the Court will exercise its discretion and decline to exercise supplemental jurisdiction over Plaintiff's NJLAD claim.

"The district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction. . ."  28 U.S.C. § 1367(c)(3).  "The decision to retain or decline jurisdiction over state-law claims is discretionary" and "should be based on considerations of judicial economy, convenience and fairness to the litigants."  Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009).  Additionally, the federal court should be guided by the goal of

---

[1] There appears to be no diversity of citizenship between Plaintiff and the Defendants so jurisdiction under 28 U.S.C. § 1332 cannot lie independently, separate and apart from the federal claim.

avoiding "[n]eedless decisions of state law . . both as a matter of comity and to promote justice between the parties." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (emphasis in original).

The Court declines to exercise supplemental jurisdiction over the NJLAD claim. The only remaining claim in Plaintiff's Complaint is for violations of NJLAD, which the New Jersey Legislature enacted in an effort to "eradicat[e] ... the cancer of discrimination.'" Lehmann v. Toys 'R' Us, Inc., 132 N.J. 587, 626 A.2d 445, 451 (N.J. 1993); see also Thurston v. Cherry Hill Triplex, 941 F. Supp. 2d 520, 534 (D.N.J 2008) ("The NJLAD was enacted with the express purpose of protecting civil rights ..."); Tomahawk Lake Resort, 333 N.J. Super. 206, 754 A.2d 1237, 1243 (N.J. Super. Ct. App. Div. 2000) ("Among its other objectives, the [NJ]LAD is intended to insure that handicapped persons will have full and equal access to society, limited only by physical limitations they cannot overcome.") (internal quotations and citations omitted). Even though this Court is "bound to apply state law" to Plaintiff's NJLAD claim, the

Supreme Court in Gibbs directed 50 years ago that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726-27.

Applying that principle in this case, the determinations of the scope of NJLAD and what conduct constitutes a violation of NJLAD are better suited to be adjudicated by the New Jersey courts. See, e.g., Collins v. Cty. of Gloucester, No. 06-2589, 2009 U.S. Dist. LEXIS 61137, at t*5 (D.N.J. July 17, 2009) (after the federal claims were dismissed, declining to continue exercising supplemental jurisdiction over remaining state law claims, and observing "a state court, who by virtue of that judge's expertise and principles of comity is in a better position to decide the questions of state law raised by" the plaintiff's claims); Kalick v. Northwest Airlines Corp., No. 08-2972, 2009 U.S. Dist. LEXIS 69462, at *26-28(D.N.J. Aug. 7, 2009) (following the reasoning of Collins and declining to continue exercising supplemental jurisdiction over the plaintiff's state law claims); see also Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 487 (3d Cir. 1998) ("[T]he question of whether the proposed funding scheme for the Westside Connector violates the New Jersey Constitution is a complex issue of state law which is better left to the New Jersey courts to determine").

10

Because Plaintiff's remaining claim concerns interpretations of New Jersey statutory law and the federal claim has been dismissed before trial, the prudent course is to decline to exercise supplemental jurisdiction over that claim. Plaintiff may, if he chooses, try to pursue his NJLAD claim in state court.  See Artis v. Dist. of Columbia, 138 S. Ct. 594, 199 L. Ed. 2d 473 (2018) (the federal supplemental jurisdiction statute, 28 U.S.C. § 1367, pauses the clock on a statute of limitations until thirty days after a state-law claim is dismissed by a federal court).

## CONCLUSION

For the reasons stated above, the Court will grant Defendants' Motion for Summary Judgment.

An appropriate Order will be entered.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.